**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID PEREZ,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,

    Defendant - Appellee.

No. 24-1243
(D.C. No. 1:21-CV-01263-RMR-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Plaintiff David Perez was a firefighter who sued the City and County of Denver for discrimination and harassment, retaliation, and failure to accommodate his injury. After the district court dismissed his complaint for failure to exhaust his administrative remedies, he then moved to reopen the case under Rule 60(b) of the Federal Rules of Civil Procedure. The district court denied the motion, and Mr. Perez appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Perez was injured in the line of duty in March 2019. He alleged that between March 2019 and December 2019, the City failed to accommodate his injury and passed him over for other more appropriate positions for which he was qualified. Based on his belief that the City had failed to accommodate his injury and forced him to quit, Mr. Perez resigned by emailing his chain of command on February 27, 2020. The email advised that he intended to take disability retirement as of March 2, 2020.

On December 28, 2020—more than 300 days after his resignation email— Mr. Perez filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on May 4, 2021. Three days later Mr. Perez filed a complaint in district court alleging discrimination and harassment, retaliation, and failure to accommodate, in violation of federal and state law.

After Mr. Perez twice amended his complaint, the City moved to dismiss and argued that Mr. Perez had not alleged facts sufficient to establish administrative exhaustion. The district court granted the motion without prejudice, and Mr. Perez sought leave to file a third amended complaint. The district court, however, denied the motion to amend as futile and dismissed the complaint with prejudice. The district court held that Mr. Perez's resignation email triggered the 300-day deadline for filing an EEOC charge, and that he missed the deadline by several days. This court affirmed on appeal. *See Perez v. City & Cnty. of Denver*, No. 23-1057, 2023 WL 7486461 (10th Cir. Nov. 13, 2023).

2

Mr. Perez then filed a motion to reopen the case and vacate the dismissal order. His motion was premised on newly discovered evidence under Rule 60(b)(2) and allegations of fraud under Rule 60(b)(3). The newly discovered evidence was a September 2023 email from a representative of the Fire and Police Pension Association ("FPPA"). Mr. Perez claimed the email supported his contention that his email of February 27, 2020, did not trigger the 300-day deadline; rather, it was triggered on March 2, 2020, which is the date the City determined to be his last day of work. He also argued the City continued to make unspecified false statements. The district court denied the Rule 60 motion, and Mr. Perez appeals.

## II. Discussion

"This court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion." *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (internal quotation marks omitted). "Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred below." *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023) (internal quotation marks omitted).

Mr. Perez argues the district court erred in denying his motion under Rule 60(b)(2). He contends the newly discovered email demonstrates that the City, not the employee, determines the date of termination, and he therefore did not in fact resign on February 27, 2020. The email was from an FPPA representative who explained that Mr. Perez's disability benefits began "the day after [his] last day on payroll," which is "confirmed with [the] department." R. vol. 3 at 25. The City later

confirmed to the FPPA that Mr. Perez's last day of work was March 2, 2020, consistent with his own email of February 27, 2020.

The question of Mr. Perez's last day of work, however, is unrelated to the question of when he gave notice of his resignation for purposes of the 300-day deadline. *See Green v. Brennan*, 578 U.S. 547, 564 (2016) ("[A] constructive discharge claim accrues—and the limitations period begins to run—when the employee gives notice of his resignation, not on the effective date of that resignation."). The district court acted within its discretion in holding the FPPA email is immaterial to the district court's finding of futility based on Mr. Perez's February 27, 2020, notice of resignation.[1]

Mr. Perez also argues the district court erred in denying his motion under Rule 60(b)(3). On appeal, he argues the City's attorneys falsely claimed that he gave his notice of resignation on February 27, 2020. This appears to be a variation of his Rule 60(b)(2) argument—he insists that because the City, not he, determined the date of his termination, any contrary assertion by the City is necessarily fraudulent. In effect, Mr. Perez is attempting to elevate his disagreement with the City into an allegation of fraud. This does not satisfy Rule 60(b)(3). *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) ("Subsection (b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect,

---

[1] Given this conclusion, we need not address the district court's separate conclusion that Mr. Perez was not diligent in discovering the September 2023 email.

4

which may be remedied under subsections (b)(1) or (b)(2)." (internal quotation marks omitted)).

Finally, we note that Mr. Perez seems to argue that the EEOC charge he filed in 2020 related back to a previous charge and was therefore timely. We previously deemed that argument waived, *see Perez*, 2023 WL 7486461, at \*2 n.3, and it is therefore law of the case, *see McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000). Similarly, Mr. Perez attempts to argue he is entitled to equitable tolling of the 300-day deadline. We reject that argument for the same reason. *See Perez*, 2023 WL 7486461, at \*4.

### III. Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

5